**FILED**

JUN 2 7 2023

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  RANDY S. GROSSMAN
   United States Attorney
2  CHRISTOPHER ALEXANDER, Cal Bar No. 201352
   VALERIE H. CHU, Cal Bar No. 241709
3  Assistant U.S. Attorneys
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Tel: (619) 546-6665 / 6750
   Email: Christopher.m.alexander@usdoj.gov / valerie.chu@usdoj.gov
6  Attorneys for United States of America

7

### UNITED STATES DISTRICT COURT

8

### SOUTHERN DISTRICT OF CALIFORNIA

9

| UNITED STATES OF AMERICA, | Case No.  20CR2887-WQH |
|---|---|
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| ANTHONY DUANE BELL, SR. (1), | |
| Defendant. | |

15      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA,

16  through its counsel, Randy S. Grossman, United States Attorney, and

17  Valerie H. Chu and Christopher M. Alexander, Assistant United States

18  Attorneys, and defendant, Anthony Bell, Sr., with the advice and consent

19  of David Zugman, counsel for defendant, as follows:

Def. Initials 

I

**THE PLEA**

A.   THE CHARGE

Defendant agrees to plead guilty to Count Three of the Indictment charging defendant with:

> Beginning no later than May 23, 2016, and continuing through at least April 9, 2019, within the Southern District of California and elsewhere, defendants ANTHONY DUANE BELL, SR. and ANTHONY DUANE BELL, JR. knowingly and willfully devised and intended to devise a material scheme and artifice to defraud Medicare, a health care benefit program affecting commerce/ as defined in 18 U.S.C. § 24 (b), and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, Medicare, in connection with the delivery of, and payment for, health care benefits and services.

> On or about March 26, 2018, within the Southern District of California and elsewhere, defendants ANTHONY DUANE BELL SR. and ANTHONY DUANE BELL, JR. knowingly and willfully executed the scheme to defraud described above by submitting, and causing to be submitted, a claim for reimbursement from Medicare, for Ismael P., for a left ankle brace, right ankle brace, back brace, and right shoulder brace, in the amount of $3,310.83, in violation of 18 U.S.C. § 1347.

The Government agrees to (1) move to dismiss the remaining charges without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

In addition, the attached financial addendum shall govern the financial penalties in this case.

This plea agreement is part of a "package" disposition as set forth in Section VI.E below.

2

Def. Initials
20CR2887-WQH

II

**NATURE OF THE OFFENSE**

A.  ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

1. The defendant knowingly and willfully executed a scheme or plan to defraud a health-care benefit program, or to obtain money or property owned by, or under the custody or control of, a health-care benefit program by means of material false or fraudulent pretenses, representations, or promises;

2. The defendant acted with the intent to defraud; that is, the intent to deceive and cheat;

3. Medicare was a health care benefit program; and

4. The scheme was executed in connection with the delivery of or payment for health-care benefits, items, or services.

B.  ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed:

1. On or about March 26, 2018, Defendant Anthony Duane Bell, Sr submitted and caused to be submitted to Medicare a false and fraudulent claim for a left ankle brace, right ankle brace, back brace, right shoulder brace, in the amount of $3,310.83, for Medicare beneficiary Ismael P.

2. Medicare is a health care benefit program.

3. This claim was part of a scheme executed in connection with the delivery of or payment for health-care benefits, items, or services.

4. Defendant submitted and caused to be submitted over $46 million in false and fraudulent claims to Medicare, and his companies received approximately $21,745,604.56.

3

Def. Initials

20CR2887-WQH

1                                      **III**

2                                  **PENALTIES**

3        The crime to which Defendant is pleading guilty carries the

4   following penalties:

5        A.   a maximum of 10 years in prison;

6        B.   a maximum $250,000 fine;

7        B.   a mandatory special assessment of $100.00 per count;

8        C.   an order from the Court pursuant to 18 U.S.C. §§ 3663 or 3663A
             that defendant make mandatory restitution to the victims of
9             the offense of conviction, or the successors, heirs, and
             estates of the victims.  Defendant understands that the Court
10            shall also order, if agreed to by the parties in this plea
             agreement, restitution to persons other than the victims of
11            the offense of conviction; and

12       D.   a term of supervised release of at least 3 years.  Defendant
             understands that failure to comply with any of the conditions
13            of supervised release may result in revocation of supervised
             release, requiring defendant to serve in prison, upon any such
14            revocation, all or part of the statutory maximum term of
             supervised release for the offense that resulted in such term
15            of supervised release.

16       In addition, Defendant shall be subject to an order of restitution

17   to Center for Medicare Services requiring Defendant to repay it

18   $21,725,604.56.

19                                      **IV**

20                       **DEFENDANT'S WAIVER OF TRIAL RIGHTS
                        AND UNDERSTANDING OF CONSEQUENCES**

21

22       This guilty plea waives defendant's right at trial to:

23       A.   Continue to plead not guilty and require the Government to
             prove the elements of the crime beyond a reasonable doubt;
24

25       B.   A speedy and public trial by jury;

26       C.   The assistance of counsel at all stages of trial;

27       D.   Confront and cross-examine adverse witnesses;

28       E.   Testify and present evidence and to have witnesses testify on
             behalf of defendant; and

                                        4                 Def. Initials _____
                                                            20CR2887-WQH

1    F.    Not testify or have any adverse inferences drawn from the
2          failure to testify.

3                                      V

4          **DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE**
           **PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

5
6    Any information establishing the factual innocence of defendant
     known to the undersigned prosecutor in this case has been turned over
7
     to defendant. The Government will continue to provide such information
8
     establishing the factual innocence of defendant.
9
10         If this case proceeded to trial, the Government would be required
11   to provide impeachment information for its witnesses. In addition, if
     defendant raised an affirmative defense, the Government would be
12
     required to provide information in its possession that supports such a
13
     defense. By pleading guilty, defendant will not be provided this
14
     information, if any, and defendant waives any right to this information.
15   Defendant will not attempt to withdraw the guilty plea or file a
16   collateral attack on the existence of this information.
17
                                       VI
18
                   **DEFENDANT'S REPRESENTATION THAT GUILTY**
19                   **PLEA IS KNOWING AND VOLUNTARY**

20
     Defendant represents that:
21
22   A.    Defendant has had a full opportunity to discuss all the facts
           and circumstances of this case with defense counsel and has a
23         clear understanding of the charges and the consequences of
           this plea. By pleading guilty, defendant may be giving up, and
24         rendered ineligible to receive, valuable government benefits
           and civic rights, such as the right to vote, the right to
25         possess a firearm, the right to hold office, and the right to
           serve on a jury. The conviction in this case may subject
26         defendant to various collateral consequences, including but
           not limited to revocation of probation, parole, or supervised
27         release in another case; debarment from government
           contracting; and suspension or revocation of a professional
28         license, none of which can serve as grounds to withdraw
           Defendant's guilty plea;

                                       5
                                                    Def. Initials _____
                                                    20CR2887-WQH

B.    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.    No one has threatened defendant or defendant's family to induce this guilty plea; and,

D.    Defendant is pleading guilty because defendant is guilty and for no other reason.

E.    The disposition contemplated by this agreement is part of a "package" disposition with codefendant ANTHONY DUANE BELL, JR. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw their guilty plea, but the Government is relieved from and not bound by any terms in any agreements in the package.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense

6

Def. Initials _αῳ_
20CR2887-WQH

1  counsel and the Government have an opportunity to review and challenge

2  the presentence report. **Defendant agrees to request that a presentence**

3  **report be prepared.**   Nothing in this plea agreement limits the

4  Government's duty to provide complete and accurate facts to the district

5  court and the U.S. Probation Office.

6                                       IX

7                **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

8       This plea agreement is made pursuant to Federal Rule of Criminal

9  Procedure 11(c)(1)(B).  The sentence is within the sole discretion of

10 the sentencing judge who may impose the maximum sentence provided by

11 statute.  It is uncertain at this time what defendant's sentence will

12 be.  The Government has not made and will not make any representation

13 as to what sentence defendant will receive. Any estimate of the probable

14 sentence by defense counsel is not a promise and is **not binding on the**

15 **Court.** Any recommendation made by the Government at sentencing is also

16 not binding on the Court.  If the sentencing judge does not follow any

17 of the parties' sentencing recommendations, defendant will not withdraw

18 the plea.

19                                       X

20                **PARTIES' SENTENCING RECOMMENDATIONS**

21       A.   SENTENCING GUIDELINE CALCULATIONS

22       Although the Guidelines are only advisory and just one factor the

23 Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence,

24 the parties will jointly recommend the following Base Offense Level,

25 Specific Offense Characteristics, Adjustments, and Departures:

26            1.   Base Offense Level [USSG § 2B1.1]                        6

27            2.   Loss over $9,500,000 but under $25,000,000            +20
                  [§ USSG 2B1.1(b)(1)(K)]

28

Def. Initials
20CR2887-WQH

3.   Loss to Gov't Health Care Program        +4
      [§ USSG 2B1.1(b)(7)]

4.   Acceptance of Responsibility [§ 3E1.1]     -2

B.   ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.   Falsely denies prior criminal conduct or convictions;

3.   Is untruthful with the Government, the Court or probation officer; or

4.   Breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and

8

Def. Initials _____
20CR2887-WQH

1 | as the nature and circumstances of the offense under 18 U.S.C.
2 | § 3553(a)(1).

3 |   F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

4 |   The Government agrees to recommend a sentence within the advisory
5 | Guidelines range as calculated by the Government.

6 |   G. SPECIAL ASSESSMENT, FINE, AND RESTITUTION

7 |    1. Special Assessment

8 |   The parties will jointly recommend that defendant pay a special
9 | assessment in the amount of $100.00 per felony count of conviction to
10 | be paid forthwith at time of sentencing.  The special assessment shall
11 | be paid through the office of the Clerk of the District Court by bank
12 | or cashier's check or money order made payable to the "Clerk,
13 | United States District Court."

14 |    2. Fine

15 |   Due to the restitution as set forth below, the parties will not
16 | recommend that defendant pay a fine at the time of sentencing.  The
17 | parties agree any fine shall be ordered payable forthwith.  Also, if
18 | the Court does not impose a judgment which includes restitution as
19 | contemplated by the plea agreement, the Government will recommend an
20 | additional fine to cover the cost of imprisonment, supervised release
21 | or probation, pursuant to 18 U.S.C. § 3572(a)(6).

22 |   The fine shall be paid through the Office of the Clerk of the
23 | District Court by bank or cashier's check or money order made payable
24 | to the "Clerk, United States District Court."

25 |    3. Restitution

26 |   The parties agree that restitution to Centers for Medicare Services
27 | is a part of this plea agreement.  The parties have mutually agreed upon

28 |

9

Def. Initials _____

20CR2887-WQH

1  restitution to be imposed as a part of the sentence in this case in the
2  amount of $21,745,604.56.

3      Defendant understands that this is only an estimate based on
4  currently available information, and the Court may impose restitution
5  of any amount. Defendant agrees that a restitution award in an
6  unanticipated amount is not grounds to withdraw Defendant's guilty plea.

7      H.    SUPERVISED RELEASE

8      The Government is free to recommend a period of supervised release.
9  If the Court imposes a term of supervised release, Defendant will not
10 seek to reduce or terminate early the term of supervised release until
11 defendant has served at least two-thirds of the term of supervised
12 release and has fully paid and satisfied any special assessments, fine,
13 criminal forfeiture judgment and restitution judgment.

14                                    **XI**

15           **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

16     Defendant waives (gives up) all rights to appeal and to collaterally
17 attack every aspect of the conviction and sentence, including any
18 restitution order up to $21,725,604.56 and any forfeiture judgment up
19 to the same amount. This waiver includes, but is not limited to, any
20 argument that the statute of conviction or Defendant's prosecution is
21 unconstitutional and any argument that the facts of this case do not
22 constitute the crime charged. The only exceptions are 1) Defendant may
23 appeal a custodial sentence above the high end of the guideline range
24 recommended by the Government at sentencing (if USSG § 5G1.1(b) applies,
25 the high end of the range will be the statutorily required mandatory
26 minimum sentence), and 2) Defendant may collaterally attack the
27 conviction or sentence on the basis that Defendant received ineffective

28

                                    10

                                             Def. Initials
                                             20CR2887-WQH

1  assistance of counsel. If Defendant appeals, the Government may support
2  on appeal the sentence or restitution order actually imposed.

3  ### XII

4  ### BREACH OF THE PLEA AGREEMENT

5  Defendant and defendant's attorney know the terms of this agreement
6  and shall raise, before the sentencing hearing is complete, any claim
7  that the Government has not complied with this agreement. Otherwise,
8  such claims shall be deemed waived (that is, deliberately not raised
9  despite awareness that the claim could be raised), cannot later be made
10 to any court, and if later made to a court, shall constitute a breach
11 of this agreement.

12  Defendant breaches this agreement if defendant violates or fails
13 to perform any obligation under this agreement. The following are non-
14 exhaustive examples of acts constituting a breach:

15  A.  Failing to plead guilty pursuant to this agreement;

16  B.  Failing to fully accept responsibility as established in
17      Section X, paragraph B, above;

     C.  Failing to appear in court;
18
     D.  Attempting to withdraw the plea;
19
     E.  Failing to abide by any court order related to this case;
20
     F.  Appealing (which occurs if a notice of appeal is filed) or
21      collaterally attacking the conviction or sentence in violation
         of Section XI of this plea agreement; or
22
     G.  Engaging in additional criminal conduct from the time of
23      arrest until the time of sentencing.

24  If defendant breaches this plea agreement, defendant will not be
25 able to enforce any provisions, and the Government will be relieved of
26 all its obligations under this plea agreement. For example, the
27 Government may proceed to sentencing but recommend a different sentence
28 than what it agreed to recommend above. Or the Government may pursue

11

Def. Initials
20CR2887-WQH

1  any charges including those that were dismissed, promised to be

2  dismissed, or not filed as a result of this agreement (defendant agrees

3  that any statute of limitations relating to such charges is tolled

4  indefinitely as of the date all parties have signed this agreement;

5  defendant also waives any double jeopardy defense to such charges). In

6  addition, the Government may move to set aside defendant's guilty plea.

7  Defendant may not withdraw the guilty plea based on the Government's

8  pursuit of remedies for defendant's breach.

9      Additionally, if defendant breaches this plea agreement: (i) any

10 statements made by defendant, under oath, at the guilty plea hearing

11 (before either a Magistrate Judge or a District Judge); (ii) the factual

12 basis statement in Section II.B in this agreement; and (iii) any evidence

13 derived from such statements, are admissible against defendant in any

14 prosecution of, or any action against, defendant. This includes the

15 prosecution of the charge(s) that is the subject of this plea agreement

16 or any charge(s) that the prosecution agreed to dismiss or not file as

17 part of this agreement, but later pursues because of a breach by the

18 Defendant. Additionally, defendant knowingly, voluntarily, and

19 intelligently waives any argument that the statements and any evidence

20 derived from the statements should be suppressed, cannot be used by the

21 Government, or are inadmissible under the United States Constitution,

22 any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of

23 the Federal Rules of Criminal Procedure, and any other federal rule.

24                          **XIII**

25              **CONTENTS AND MODIFICATION OF AGREEMENT**

26     This plea agreement embodies the entire agreement between the

27 parties and supersedes any other agreement, written or oral. No

28

Def. Initials

20CR2887-WQH

1  modification of this plea agreement shall be effective unless in writing
2  signed by all parties.

3                                    **XIV**

4              **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

5        By signing this agreement, defendant certifies that defendant has
6  read it (or that it has been read to defendant in defendant's native
7  language). Defendant has discussed the terms of this agreement with
8  defense counsel and fully understands its meaning and effect.

9   //
10  //
11  //
12  //
13  //
14  //
15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

                                    13            Def. Initials _____
                                                  20CR2887-WQH

XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

_6/27/2023_____
DATED

_____
Valerie H. Chu
Assistant U.S. Attorney

Christopher Alexander
Assistant U.S. Attorney

_(-27-23)_____
DATED

_____
David Zugman
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

_6-27-23_____
DATED

_____
Anthony Bell, Sr.
Defendant

Approved by:

_____
SUPERVISOR
Assistant U.S. Attorney

Rev. 6/8/2021 cek/bq

14

Def. Initials _____
20CR2887-WQH