UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANTHONY DUANE BELL, SR. (1)<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:20-cr-2887-WQH<br><br>**ORDER** |

HAYES, Judge,

The matter before the Court is the Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Anthony Duane Bell, Sr. ("Motion for Reduction in Sentence," ECF No. 291.)

## BACKGROUND

On September 18, 2020, a 35-count indictment was filed against Defendant charging him with conspiracy, health care fraud, and unlawful remuneration. (ECF No. 1.)

On June 27, 2023, Defendant entered a plea of guilty to Count 3 of the indictment which charged health care fraud in violation of 18 U.S.C. § 1347. (ECF No. 197.)

On March 11, 2024, this Court conducted a sentencing hearing and sentenced the Defendant to the custody of the Bureau of Prisons ("BOP") for a term of 65 months followed by three years of supervised release. (ECF No. 268.) Additionally, the Court ordered Defendant to pay $21,725,604.56 in restitution. *Id*. According to the BOP's online

inmate locator, Defendant is now housed at Leavenworth FCI and has a projected release date of April 20, 2027.

On March 31, 2025, Defendant, proceeding pro se, filed the pending Motion for Reduction in Sentence, requesting that the court reduce his sentence because "he presents 'extraordinary and compelling reasons' for compassionate release due to his age, length of time served, changes in the law, rehabilitation, unusually harsh prison conditions, family circumstances, programming, U.S.S.G. § 1B1.13(b)(5), and serious medical issues." *Id.* at 1-2.

On April 8, 2025, pursuant to General Order No. 692-B, the Court referred the matter to Federal Defenders of San Diego, Inc. ("Federal Defenders"). (ECF No. 292.) Federal Defenders subsequently filed a status report stating, "[a]fter reviewing the relevant records in Mr. Bell's case, [Federal Defenders] concludes the Court can decide the motion on the existing record without further assistance of counsel." (ECF No. 299.)

Plaintiff United States of America subsequently filed an opposition to the Motion for Reduction in Sentence. (ECF No. 294). Plaintiff contends that "Defendant's health is well managed in custody, and Defendant has not shown "extraordinary and compelling reasons" that would compel his early release." *Id.* at 2.

Defendant subsequently filed two replies in support of the Motion for Reduction in Sentence. (ECF Nos. 301 and 302.)

## RULING OF THE COURT

"Our justice system relies on the finality of criminal judgments. Once imposed, a sentence may be altered 'only in very limited circumstances.'" *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025) (quoting *Pepper v. United States*, 562 U.S. 476, 501–02 n.14 (2011); citing *Teague v. Lane*, 489 U.S. 288, 309 (1989)). "With 18 U.S.C. § 3582(c)(1)(A), Congress provided one such 'narrow' exception—sometimes called compassionate release—for when 'extraordinary and compelling reasons' warrant reducing a defendant's sentence." *Id*. (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). "As compassionate release derogates from the principle of finality, it is a

narrow remedy, and the court's disposition of a compassionate release motion is discretionary, not mandatory." *United States v. Wright*, 46 F.4th 938, 944–45 (9th Cir. 2022) (quotations omitted).

"The First Step Act grants courts the discretion to consider compassionate release motions on an individualized basis," although "the exercise of this discretion is controlled by three substantive considerations." *Id*. at 945 (citations omitted). "First, the district court must find that 'extraordinary and compelling reasons' warrant a sentence reduction." *Bryant*, 144 F.4th at 1123 (quoting 18 U.S.C. § 3582(c)(1)(A)). "Second, the reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)). "Third, the district court must consider the sentencing factors in 18 U.S.C. § 3553(a)—including the nature of the offense and the defendant's characteristics—to determine 'whether the requested sentence reduction is warranted under the particular circumstances of the case.'" *Id*. (quoting *Wright*, 46 F.4th at 945; citing *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)).[1] "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Wright*, 46 F.4th at 945 (citation omitted). "[I]t [i]s [defendant]'s burden to establish his eligibility for compassionate release…." *Id*. at 951.

Section 1B1.13 of the Sentencing Guidelines states in relevant part:

> Upon motion …, the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

---

[1] These factors include, among other things: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable sentence guidelines; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants. 18 U.S.C. § 3553(a*); see also Wright*, 46 F.4th at 945 n.4.

>   (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
>
>   (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>   (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13; *see also Bryant*, 144 F.4th at 1124 ("[C]ourts are bound by § 1B1.13 in deciding all compassionate release motions under § 3582(c)(1)(A).") (quotation omitted). Section 1B1.13 lists circumstances that qualify as "extraordinary and compelling reasons."

Defendant contends that his sentence should be reduced due to his medical conditions. Section 1B1.13 states that "[e]xtraordinary and compelling reasons exist" when "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). Plaintiff filed under seal 399 pages of BOP medical records related to Defendant. (*See* ECF No. 298.) These records show that when Defendant first arrived into BOP custody, he underwent a health screening to review his health conditions. *Id*. at 87–93. Defendant was asked about his medical issues and then-current medications, which at that time included three prescription medications. *Id*. at 92. After lab tests were conducted, a complete preventative health visit occurred and Defendant's medical conditions were addressed, which included osteoporosis, diabetes, hypertension, obesity, gastroesophageal reflux disease, liver disease, and back pain with sciatica. *Id*. at 76; *see also id*. at 76–78, 94–108. During the course of 2024 and 2025, Defendant was seen by medical professionals numerous times for various reasons, including administering Ozempic for weight loss, and treating suspected kidney stones, a urinary tract infection, and "trigger finger." *Id*. at 42, 60–61, 66–67, 70, 173, 193, 202, 206, 218, 233, 246. Defendant's most serious medical issues appear to have been intermittent chest pains, for which he was transported to a hospital emergency department in August 2024 where diagnostic tests showed "unremarkable

[results] including an unremarkable echocardiogram and an unremarkable myocardial perfusion scan." *Id*. at 282–83. Defendant again was transported to the hospital emergency department for chest pain and follow-up tests were conducted and additional medication was prescribed. *Id*. at 13. This chest pain appears to be related to his heart condition and/or high blood pressure which was diagnosed in 2008. (*See* PSR ¶ 75, ECF No. 210.) The BOP medical records show that, during Defendant's period of incarceration, regular medications have been administered and adjusted as necessary to manage his conditions, including his high blood pressure. It appears that Defendant's medical conditions are monitored by medical staff, and remain under control while he has been in BOP custody. Indeed, the records show that Defendant lost weight and improved his blood sugar level while in custody. Defendant has failed to satisfy his burden that he "is suffering from a medical condition that requires long-term or specialized medical care *that is not being provided*" by BOP. U.S.S.G. § 1B1.13(b)(1)(C) (emphasis added).

Defendant also contends that a sentence reduction is warranted due to his wife's sickle cell disease and other medical conditions. (*See* ECF No. 291 at 15.) Section 1B1.13 states that "[e]xtraordinary and compelling reasons exist" based on "[t]he incapacitation of the defendant's spouse … when the defendant would be the only available caregiver for the spouse…." U.S.S.G. § 1B1.13(b)(3)(B). Defendant has failed to demonstrate that his wife's medical conditions—although very serious—are incapacitating. Defendant also has failed to show that he is the only available caregiver for his wife. For example, Defendant offers no explanation as to the availability of his wife's adult son (and a co-defendant in this case), who lived in the same household as her at the time of the preparation of the Presentence Report and was released from BOP custody on December 30, 2024.

In his second reply brief, Defendant contends for the first time that he was the victim of sexual assault by a correctional officer in January 2025. (*See* ECF No. 302 at 1–2.) Section 1B1.13 states that "[e]xtraordinary and compelling reasons exist" when "[t]he defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of … sexual abuse … that was committed by … a correctional officer." U.S.S.G. §

1B1.13(b)(4). The Guidelines continue: "For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." *Id*.

Despite the fact that Defendant asserts the sexual assault happened over three months before Defendant filed his Motion for Reduction in Sentence, Defendant failed to mention it in his motion or in his first reply brief. In his second reply brief, Defendant states that he "didn't include my sexual assault information in my compassionate release motion because I didn't want to come off as a complainer." (ECF No. 302 at 4.) The Court does not need to consider this argument raised for the first time in his second reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Even considering Defendant's assertion that he was assaulted by a correctional officer, Defendant has failed to show that "the misconduct [has been] established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding." U.S.S.G. § 1B1.13(b)(4). In his unverified brief, Defendant states that he reported the assault, but Defendant has not produced evidence establishing the date of any administrative or judicial complaint or that the proceedings related to this complaint have been "unduly delayed." *Id*. Defendant asserts that he felt threatened when his alleged assailant was assigned to guard him during a hospital visit approximately four months after the alleged assault, asserting that the correctional officer stood in his hospital room with "his arms folded" and when Defendant began putting on his shoes to leave, the officer offered to "walk out of the room, [and] he also claimed that he knew nothing about the complaint." (ECF No. 302 at 3.) The Court finds that this allegation alone is insufficient to show that Defendant "is in imminent danger." U.S.S.G. § 1B1.13(b)(4).

Defendant also relies upon the narrow catch-all provision of § 1B1.13(b), which states that "[e]xtraordinary and compelling reasons exist" when "[t]he defendant presents

any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in [prior] paragraphs …, are similar in gravity to those described in [prior] paragraphs…." U.S.S.G. § 1B1.13(b)(5); *see Bryant*, 144 F.4th at 1126 ("Subsection (b)(5) is narrow."). The Court considers Defendant's medical conditions in combination with the other circumstances outlined in his motion and replies, such as his wife's medical conditions, the "[n]umerous lockdowns" and conditions at the BOP institution where he is housed, and his commendable record of "tak[ing] advantage of every rehabilitation program that has been made available to him." (ECF No. 291 at 15–19.) The Court finds that Defendant has failed to show that these circumstances, even viewed in combination, are "similar in gravity" to the circumstances set out in Section 1B1.13(b) paragraphs (1) through (4). The Court finds that Defendant has failed to demonstrate that extraordinary and compelling reasons warrant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

The Court also considers and weighs "the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case." *Wright*, 46 F.4th at 945; *see* 18 U.S.C. § 3582(c)(1)(A). As discussed in the Presentence Report, Defendant and other co-conspirators engaged in an elaborate and extensive unlawful kickback scheme resulting in Defendant's companies being paid approximately $21.75 million from Medicare. (*See* ECF No. 210 ¶¶ 6–24.) As the Court discussed at sentencing, the nature and circumstances of the offense are aggravated based upon the nature of the scheme, the amount of the loss, the length of time that the Defendant was involved in the offense, and the finding at sentencing that Defendant's son would not have been involved in the offense had it not been for Defendant's involvement. At sentencing, the Court also considered Defendant's positive characteristics, such as his lack of criminal history, his physical limitations and health issues, his prior business success, his acceptance of responsibility, and his family support. (*See* ECF No. 268 at 25–31.) The Court balanced the § 3553(a) factors at sentencing and found that they supported a 65-month sentence, which was below the applicable Guideline

range of 78–97 months. The Court has considered Defendant's arguments in the pending motion and reply briefs and finds that these circumstances are not sufficient to alter the Court's determination at sentencing that 65 months of custody is a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a). Based upon the record, the Court finds that the need for the sentence "to reflect the seriousness of the offense," "to provide just punishment for the offense," and "to avoid unwarranted sentencing disparities among similarly situated defendants" continues to support the sentence imposed. 18 U.S.C. § 3553(a).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Reduction in Sentence (ECF No. 291) is denied. This decision is without prejudice to Defendant refiling the motion if he is able to satisfy his burden of demonstrating a sentence reduction is warranted pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Dated: January 5, 2026

Hon. William Q. Hayes
United States District Court